**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| AUDREY JEANETTE RAMEY, | : | |
| | : | |
| Appellant, | : | Case No. 3:24-cv-111 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Appellee. | : | |
| | : | |

---

**ENTRY AND ORDER GRANTING MOTION TO DISMISS AND TO STAY
MERITS BRIEFING BY APPELLEE ANDREW R. VARA, UNITED STATES
TRUSTEE (DOC. NO. 5)**

---

The current appeal from the United States Bankruptcy Court for the Southern District of

Ohio (the "Bankruptcy Court") is before this Court on the Motion to Dismiss and to Stay Merits

Briefing by Appellee Andrew R. Vara, United States Trustee (the "Motion") (Doc. No. 5).

Appellant Audrey Jeanette Ramey ("Ramey"), through counsel, appeals the Bankruptcy Court's

Order Denying Recovery Law Group APC's Motion to Reconsider Order Granting Motion to

Compel (the "Discovery Order") (Bankr. Doc. No. 60).  (Doc. No. 1 at PageID 1.)  In the present

Motion, the United States Trustee (the "Trustee") submits that the Discovery Order is neither a

final appealable order nor an interlocutory order which may appropriately be appealed.  (Doc. No.

5 at PageID 39-40.)  For the reasons discussed herein, the Court **GRANTS** the Trustee's Motion.

As a brief background, this appeal is related to Ramey's counsel, Charles Fonda, Nicholas

Wajda, and Recovery Law Group, APC (collectively, "RLG"), rather than Ramey herself.  (*See*

Bankr. Doc. No. 60 at Page 2.)  On its own motion, the Bankruptcy Court instituted proceedings

to examine the practices of RLG in representing debtors in this jurisdiction.  (*See* Bankr. Doc. No.

1

9.)  Following a series of motions and preliminary hearings, the Bankruptcy Court ordered that RLG be subject to discovery for this purpose.  (*See* Bankr. Doc. No. 34.)  When RLG did not fully respond to the Trustee's discovery requests, the Trustee filed his Motion to Compel Discovery Responses, Deem Requests for Admission as Admitted, and for Further Relief (Bankr. Doc. No. 36).  RLG failed to respond to the motion and the Bankruptcy Court consequently issued its Order Granting United States Trustee's Motion to Compel Discovery Responses, Deem Requests for Admission as Admitted, and for Further Relief (Bankr. Doc. No. 41).  RLG moved for reconsideration of the Bankruptcy Court's order compelling discovery and the Bankruptcy Court denied that motion by way of the current Discovery Order.  (Bankr. Doc. Nos 45; 60.)  This appeal followed.

The Trustee filed the instant Motion in this Court on June 5, 2024, following the Bankruptcy Court's certification of its record on appeal (Doc. No. 4).  (Doc. No. 5.)  No response to the Motion was filed by RLG in accordance with S.D. Ohio Civ. R. 7.2(a)(2).[1]  Thus, the Trustee's Motion is ripe for review and decision.

As stated above, the Trustee argues that RLG's appeal must be dismissed on two grounds. (Doc. No. 5 at PageID 39-40.)  First, the Trustee argues that the Bankruptcy Court's Discovery Order is not a final appealable order, as contemplated by 28 U.S.C. § 158(a)(1).  (*Id.* at PageID 43-45.)  Second, the Trustee posits that the Discovery Order does not satisfy the standards for an interlocutory appeal according to 28 U.S.C. § 158(a)(3).  (*Id.* at PageID 45-50.)  The Court addresses each of the Trustee's arguments in turn.

---

[1] Due to the facts presented in this case, the Court refers to RLG as the parties to the current appeal.  Because the Court ultimately finds that the Discovery Order at issue is not an appealable order, the Court will disregard any issues of standing with respect to Ramey.

First, the Court agrees that the Discovery Order at issue is not a final appealable order from which appeal may be properly taken. 28 U.S.C. § 158(a)(1) provides district courts with jurisdiction to hear appeals "from final judgments, orders, and decrees" handed down by corresponding bankruptcy courts. In the bankruptcy context, this finality requirement is flexible in its application. *In re Gray*, 447 B.R. 524, 528 (E.D. Mich. 2011). Instead of requiring the final disposition of a bankruptcy case, a bankruptcy court's order will be considered a final appealable order where the order settles a distinct dispute. *Id.* at 529. Here, the Bankruptcy Court's Discovery Order resolved no such distinct dispute. Rather, the Discovery Order determined a distinct issue. The distinct dispute between the Parties below is whether RLG has represented debtors competently and at a fair price. The Discovery Order here only addressed the distinct issue of whether RLG would be compelled to respond to the Trustee's discovery requests. Indeed, no argument regarding the distinct dispute below may be adequately made until the Parties complete discovery. Hence, the Discovery Order is not a final appealable order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1) and this Court is without jurisdiction to hear RLG's appeal on this ground.

Second, the Court finds that it may not entertain an interlocutory appeal of the Discovery Order under 28 U.S.C. § 158(a)(3). Generally, 28 U.S.C. § 158(a)(3) authorizes district courts to hear appeals from interlocutory orders of the bankruptcy court. However, a court's discretion to hear such interlocutory appeals is limited by the same principles as interlocutory appeals under 28 U.S.C. § 1292(b). *In re Gray*, 447 B.R. at 533. To obtain appellate review of an interlocutory order pursuant to Section 1292(b), an appellant bears the burden of showing: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate

appeal would materially advance the ultimate termination of the litigation." *Id.* (quoting *In re Wicheff*, 215 B.R. 839, 844 (6th Cir. BAP 1998)) (internal quotation marks omitted) (alterations in original).  In this case, RLG have not attempted to meet their burden to establish these elements and the Court finds the satisfaction of the Section 1292(b) elements to be absent here, nonetheless. Thus, the Court finds that it is without jurisdiction to consider RLG's appeal of the Bankruptcy Court's interlocutory Discovery Order.

In accordance with the foregoing, the Court **GRANTS** the Motion to Dismiss and to Stay Merits Briefing by Appellee Andrew R. Vara, United States Trustee (Doc. No. 5).  This case is hereby **REMANDED** to the United States Bankruptcy Court for the Southern District of Ohio and the Clerk of Court is instructed to **TERMINATE** this matter on the Court's Docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 11, 2024.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE